**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**SCOTT CISCO,**

      **Petitioner,**

                                      **Case No. 2:14-cv-02025**

      **v.**                               **Judge Frost**

                                        **Magistrate Judge King**

**WARDEN, CHILLICOTHE
CORRECTIONAL INSTITUTION,**

      **Respondent.**

## ORDER

On November 19, 2015, the Magistrate Judge recommended that the *Petition* for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. *Report and Recommendation* (ECF No. 9).  Petitioner has objected to that recommendation.  *Objection* (ECF No. 10).  Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.  *See also* Fed. R. Civ. P. 72(b).  For the reasons that follow, Petitioner's *Objection* (ECF No. 10) is **OVERRULED.**  The *Report and Recommendation* (ECF No. 9) is **ADOPTED** and **AFFIRMED**.  This action is hereby **DISMISSED**.

Petitioner objects to the Magistrate Judge's conclusion that his claims are either procedurally defaulted or without merit, he disagrees with the factual findings of the state appellate court, he claims that his attorney coerced his guilty plea, and he again argues that the trial court, when it imposed consecutive terms of incarceration, failed to comply with Ohio law. Petitioner also contends that the denial of the effective assistance of counsel constitutes cause for his procedural default.  This Court agrees with the Magistrate Judge that the action must be dismissed.

As the Magistrate Judge correctly concluded, Petitioner waived his claims by failing to raise them on direct appeal.  The denial of the effective assistance of counsel cannot constitute cause for this procedural default, because Petitioner never presented a claim of denial of the effective assistance of counsel to the Ohio courts.  *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000).  Further, Petitioner has failed to carry his burden of establishing that the factual findings of the state appellate court are incorrect.  *See* 28 U.S.C. § 2254(e).  Moreover, a claim based on an alleged violation of state law offers no basis for federal habeas corpus relief.  28 U.S.C. § 2254(a).  Finally, Petitioner has never previously alleged that his guilty plea was coerced, and he may not do so for the first time now.

For these reasons and for the reasons addressed in the Magistrate Judge's *Report and Recommendation*, Petitioner's *Objection* (ECF No. 10) is **OVERRULED**.  The *Report and Recommendation* (ECF No. 9) is **ADOPTED** and **AFFIRMED.**  This action is hereby **DISMISSED.**

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT** in this action.


　/s/  GREGORY L. FROST
GREGORY L. FROST
United States District Judge